Mark Dalton
7605 S. Mary Esther Cir.
Cottonwood Heights, Utah 84093



# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VENU KATZ,<br>　　　Plaintiff,<br><br>v.<br><br>Mark Dalton,<br>7605 S. Mary Esther Cir.<br>Cottonwood heights, Utah 84093<br>　　　Defendant. | ) **DEFENDANT MARK DALTON'S**<br>) **ANSWER TO PLAINTIFF'S**<br>) **COMPLAINT**<br>)　　Case No. 2:10-cv-00077-DB<br>)　　Judge Dee Benson<br>)<br>)<br>)<br>) |

Defendant MARK DALTON ("Defendant"), hereby responds to Plaintiff VENU KATZ ("Plaintiff") Complaint ("Complaint") as follows:

### FIRST DEFENSE

The defendant denies claim.

### SECOND DEFENSE

The defendant denies claim.

### THIRD DEFENSE

The defendant denies claim.

## FOURTH DEFENSE

The defendant denies claim.
Defendant's D&M Development, Mark Dalton and Kit Morrison provided VENU KATZ with a Deed in Lieu, produced and executed by Mike Moss of The Title Insurance Agency, and agreed to by VENU KATZ as well as the ELVA GROUP and its principals.

## FIFTH DEFENSE

The defendant denies claim.
Defendant D&M Development, Mark Dalton and Kit Morrison made no promises, claims or guarantees to VENU KATZ.

## SIXTH DEFENSE

The defendant denies claim.
Plaintiff VENU KATZ never made any demand for payment. In fact, plaintiff VENU KATZ, as well as defendants ELVA GROUP and its principals accepted a Deed in Lieu from defendants D&M Development, Mark Dalton and Kit Morrison. Defendants also never offered to personally guarantee said loan.

## SEVENTH DEFENSE

The defendant denies claim.

## EIGHTH DEFENSE

The defendant denies claim.
Defendant's D&M Development, Mark Dalton and Kit Morrison had no communication with plaintiff VENU KATZ, concerning any requests for subordination, second position, nor made any representations of guarantee. Said defendant's were never included in any such talks with plaintiff, in fact, said defendant's voluntarily gave up their interest in "MARKET STREET PLACE" to VENU KATZ in an effort to help her in recovering her money from said property due to a downturn in market conditions.

## NINTH DEFENSE

The defendant denies claim.
Defendant acted under the approval of all parties to this action, and plaintiff was always aware of risks involved in real estate investing.

## TENTH DEFENSE

The defendant denies claim.
Defendant was diligent in his duties to plaintiff. Defendant's D&M Development, Mark Dalton and Kit Morrison had no involvement in the creation, or knowledge of its existence as evident by no signatures from said defendant's, (see exhibit C page 7). Said defendant's were not involved in any conversations concerning plaintiffs risk nor was their advise sought. Plaintiff made decision to renegotiate terms of agreements voluntarily and with full knowledge of risks. Said defendant's made no such guarantees to plaintiff.

## ELEVENTH DEFENSE

Defendant denies claim.
Defendant assumed no liability. In fact, plaintiff accepted a Deed in Lieu from defendant which released defendant from any liability that might have otherwise existed.

## TWELFTH DEFENSE

Defendant denies claim.

## THIRTEENTH DEFENSE

Defendant denies claim.
As previously stated, plaintiff accepted a Deed in Lieu from defendant and has no further involvement with plaintiff or ownership in "Market Street Place".

## FOURTEENTH DEFENSE

Defendant denies claim.
Plaintiff agreed to, knew of, accepted responsibility for repayment of, and had ample opportunity to cure default with North Star prior to any foreclosure. Defendant's D&M Development, Mark Dalton and Kit Morrison had no involvement or liability with "Market Street Place" at time of foreclosure, and therefore plaintiff is not entitled to any damages.

## SUBSEQUENT AMENDMENT AND ADDITIONAL DEFENSES

Defendant reserves the right to amend and supplement this Answer throughout the course of this action as other facts and defenses become known to it or as further legal theories are developed upon which it may rely as defenses.

WHEREFORE, having answered the allegations of the complaint, Defendant demands that they be dismissed with prejudice and on the merits, that Defendant be awarded its attorney fees and costs herein, together with such other and further relief as reasonable in the premises.

DATED 13 June 2010

_____
Mark Dalton

## CERTIFICATE OF SERVICE

I hereby certify that on 14 June 2010, I served the foregoing Mark Dalton's Answer to Plaintiff's Complaint by mailing a true and correct copy thereof, by first-class United States mail, postage prepaid and addressed as follows:

Kim R. Wilson
Joseph P. Barrett
Snow, Christensen & Martineau
10 Exchange Place, 11th floor
P.O. Box 45000
SLC, Utah 84145

_____
Mark Dalton